UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE
AND NALOXONE) ANTITRUST LITIGATION                                MDL No. 2445


TRANSFER ORDER


**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the District of Vermont *Burlington Drug* action moves to centralize this litigation in the District of Vermont. This litigation currently consists of three actions pending in the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the District of Vermont, as listed on Schedule A.[1]

All the responding parties support centralization, but offer different potential transferee forums for our consideration. Movant, defendants (collectively, Reckitt),[2] and the plaintiff in a District of Vermont potential tag-along action favor centralization in the District of Vermont. Plaintiffs in the Eastern District of Pennsylvania action and two potential tag-along actions in that district support centralization in the Eastern District of Pennsylvania. The plaintiff in the Middle District of Pennsylvania action supports centralization in the Middle District of Pennsylvania, while plaintiffs in two potential tag-along actions in the District of New Jersey support centralization in that district. Finally, several plaintiffs alternatively support either the Eastern District of Pennsylvania or the Middle District of Pennsylvania. Reckitt alternatively proposes centralization in the Northern District of New York.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Reckitt violated federal and state antitrust laws by excluding generic competition for Reckitt's name brand "Suboxone" medication. Reckitt's alleged anticompetitive conduct includes disparaging the tablet form of Suboxone after developing a patent-protected sublingual film formulation of Suboxone, sabotaging the attempt of potential generic manufacturers to develop a joint risk mitigation strategy for submission to the U.S. Food and Drug Administration (FDA), and filing a sham Citizen Petition

---

[1] The parties have notified the Panel of seven related actions pending in the Eastern District of Pennsylvania, the District of New Jersey, and the District of Vermont. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] Responding defendants include Reckitt Benckiser Pharmaceuticals, Inc., Reckitt Benckiser LLC, Reckitt Benckiser, Inc., Reckitt Benckiser Healthcare (UK) Ltd., and Reckitt Benckiser Group plc.

-2-

with the FDA to delay its approval of generic Suboxone tablets. All of the actions are purported nationwide class actions brought against Reckitt. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, we have selected the Eastern District of Pennsylvania as the transferee district for this litigation. Five of the ten related actions are pending in that district, including claims by both direct and indirect purchasers. Further, the Eastern District of Pennsylvania presents a central location between the principal places of business for the three Reckitt entities located in the United States (two in New Jersey and one in Virginia), as well as potential third party witnesses located in the Mid-Atlantic region. It is both a convenient and accessible forum for all the parties in this nationwide litigation, including the foreign defendants. Centralization in the Eastern District of Pennsylvania also permits the Panel to assign the litigation to an experienced and capable judge who has not yet presided over an MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Mitchell S. Goldberg for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE
AND NALOXONE) ANTITRUST LITIGATION                   MDL No. 2445

## SCHEDULE A

<u>Eastern District of Pennsylvania</u>

Meijer, Inc., et al. v. Reckitt Benckiser, Inc., et al., C.A. No. 2:13-01122

<u>Middle District of Pennsylvania</u>

United Food and Commercial Workers Health and Welfare Fund of Northeastern
    Pennsylvania v. Reckitt Benckiser, Inc., et al., C.A. No. 1:13-00589

<u>District of Vermont</u>

Burlington Drug Company, Inc. v. Reckitt Benckiser Group plc, et al.,
    C.A. No. 1:12-00282