THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Direct Purchaser Class Actions* | MDL No. 2445<br><br>Master File No. 2:13-MD-2445-MSG |

**ORDER GRANTING FINAL JUDGMENT AND ORDER OF DISMISSAL APPROVING DIRECT PURCHASER CLASS SETTLEMENT AND DISMISSING DIRECT PURCHASER CLASS CLAIMS**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated October 22, 2023 between Indivior Inc., f/k/a Reckitt Benckiser Pharmaceuticals, Inc. ("Defendant"), and Burlington Drug Company, Inc. ("BDC"), Rochester Drug Co-Operative, Inc. ("RDC"), and Meijer, Inc. and Meijer Distribution, Inc. (collectively "Meijer") (collectively with the Class[1], "Plaintiffs"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Defendant and Plaintiffs, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth

---

[1] The Class is defined in Paragraph 1 of the Settlement Agreement as:

> All persons or entities in the United States and its territories who purchased branded Suboxone tablets directly from Reckitt Benckiser Pharmaceuticals, Inc. (now known as Indivior Inc.) at any time during the period January 1, 2012 through March 14, 2013 ("the Class"). Excluded from the Class are Indivior Inc. (formerly known as Reckitt Benckiser Pharmaceuticals, Inc.) its officers, directors, management, employees, subsidiaries, and affiliates, and all federal governmental entities.

in the Settlement Agreement.  Nothing in this Order is intended to modify the terms of the Settlement Agreement.

2.	The Court previously appointed BDC, RDC, and Meijer as class representatives of the Class (the "Class Representatives").  The Court previously appointed Garwin Gerstein & Fisher LLP, Faruqi & Faruqi LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel for the Class ("Co-Lead Counsel"). The Class Representatives and Co-Lead Counsel have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

3.	The Court has jurisdiction over the above-captioned litigation, including this Settlement, and over each of the parties, and all members of the Class.

4.	The notice of settlement (substantially in the form presented to this Court as Exhibit B to the Settlement Agreement) (the "Notice") directed to the members of the Class, constituted the best notice practicable under the circumstances.  In making this determination, the Court finds that the Notice provided for individual notice to all members of the Class who were identified through reasonable efforts.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided to the Class due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of the Class to object to the Settlement.

5.	Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to Class to participate in the February 27, 2024 Fairness Hearing, it is hereby determined that all members of the Class are bound by this Order and Final Judgment.

6.	The Settlement of this action was not the product of collusion between

2

Plaintiffs and Defendant or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Co-Lead Counsel and counsel for Defendant, with the assistance of this Court (by agreement of the parties and their counsel) as a mediator.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

8. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan"), which was summarized in the Notice of Proposed Settlement, and directs RG/2 Claims Administration LLC, the firm appointed to serve as Claims Administrator, to distribute the net Settlement Fund as provided in the Plan.

9. All claims of the Class against Defendant in *In re Suboxone (Buprenorphine & Naloxone) Antitrust Litig.,* MDL No. 2445, Case No. 13-md-2445-MSG (E.D. Pa.) are hereby dismissed with prejudice, and without costs.

10. Upon the Settlement Agreement becoming final in accordance with paragraph 6 of the Settlement Agreement, and in consideration for the Settlement Fund described in the Settlement Agreement, Plaintiffs and the Direct Purchaser Class (on behalf of themselves and their respective past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns, acting in their capacity as such) shall unconditionally, fully and finally

3

release and forever discharge Defendant, any past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from the Direct Purchaser Class Action, including from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs or any member or members of the Direct Purchaser Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state laws that was alleged or could have been alleged in the Direct Purchaser Class Action relating to buprenorphine-naloxone combination products purchased through the date of the Settlement Agreement (the "Released Claims").

      Releasors will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any forum whatsoever, including any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims

4

against the Released Parties.  Upon entry of the Final Judgment and Order, and in consideration of the promises set forth in this Settlement Agreement, including payment of the Settlement Fund, the Plaintiffs and Direct Purchaser Class shall dismiss the Action with prejudice as to Defendant.

11. In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs and members of the Direct Purchaser Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 13, but each Plaintiff and member of the Direct Purchaser Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Each Plaintiff and member of the Direct Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the

5

United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

12. As set forth in Paragraph 14 of the Settlement Agreement (with subheading "Reservation of Claims"), the release set forth in Paragraph 13 of the Settlement Agreement is not intended to, and does not, release claims arising in the ordinary course of business between Defendant and members of the Direct Purchaser Class that are unrelated to the allegations in the Direct Purchaser Class Action, such as claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury.

13. Upon consideration of Class Counsel's petition for fees, costs and expenses, and supplemental petition concerning fees only, Class Counsel are hereby awarded attorneys' fees totaling $120,645,687.56 (representing 32% of the Settlement Fund net of reimbursed expenses and service awards to the Class Representatives) and costs and expenses totaling $7,532,226.36, together with a proportionate share of the interest thereon from the date the funds were deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 6 of the Settlement Agreement. Upon consideration of Class counsel's petition for service awards for Class Representatives, each of BDC, RDC, and Meijer Drug is hereby awarded $100,000.00 to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 6 of the Settlement Agreement. Co-Lead Counsel shall allocate and distribute such attorneys' fees, costs and expenses among the various Class Counsel which have participated in this litigation. Co-Lead Counsel shall

allocate and distribute such service awards among the Class Representatives. The Released Parties (as defined in paragraph 13 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or service awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs or service awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and service awards authorized and approved by this Final Judgment and Order shall be paid to Co-Lead Counsel within five (5) business days after this Settlement becomes final pursuant to paragraph 6 of the Settlement Agreement and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees, costs and expenses, and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and service awards, and Plaintiffs, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from any source other than the Settlement Fund, including from Defendant.

14. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

15. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Class) and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence

or admission by Defendant or any other Released Party, in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any released Party in responding to any action purporting to assert Released Claims.

SO ORDERED this 27th day of February, 2024

                                                */s/ Mitchell S. Goldberg*
                                                The Honorable Mitchell S. Goldberg
                                                United States District Judge